```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

United States of America,       :

      Plaintiff,               :

  v.                             :       Case No. 2:10-cr-105

Dennis M. Grigsby,              :

      Defendant.               :

## ORDER

    The defendant appeared, with counsel, before the Court on July 15, 2010 for a detention hearing. For the following reasons, the Court orders the defendant detained without bond pending trial.

    On April 22, 2010, Mr. Grigsby was indicted on three counts of unarmed bank robbery. The robberies allegedly occurred on January 8, February 12, and March 31, 2010, all in the greater Columbus area. From evidence introduced at the detention hearing, it also appears that he was charged with two similar unarmed bank robberies which occurred in the Indianapolis area on February 26, 2010 and March 20, 2010. According to Special Agent Harry Trombitas of the Federal Bureau of Investigation, who was the only witness to testify at the detention hearing, this course of conduct can properly characterized as "serial robberies." Agent Trombitas also testified about the reasons why he concluded that Mr. Grigsby had committed these five robberies, including the discovery of physical evidence linking him to the crimes and some eyewitness identifications. Because, even if the defendant did commit these crimes, there is no presumption in favor of his being detained without bond, the Court evaluates the government's

request for detention under the following legal standard.

Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.  Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee.  At the hearing, it is the task of the presiding judicial officer to determine whether any condition or combination of conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial."  <u>Id</u>.  If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence.  Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  <u>See</u>, <u>e.g.</u>, <u>United States v. Arvanitis</u>, 667 F. Supp. 693 (N.D.Ill. 1987).  Detention may be ordered based upon a finding that

the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror.  See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

From the Pretrial Services report (which was prepared without an interview of the defendant), the Court learned that Mr. Grigsby has a modest criminal history, consisting of a theft conviction in 2006 for which he received five years of probation (and had his probation revoked at least once), some minor convictions in 2006 and 2007, and a resisting arrest conviction in 2010 arising out of his arrest on the charges involved in this case.  From Agent Trombitas, the Court learned that Mr. Grigsby does not appear to have a permanent address and has been living in homeless shelters.  Agent Trombitas also testified that any bank robbery, even one committed by a person who is not armed, creates various dangers to the community, including the trauma experienced by the victims and witnesses and the risks present when law enforcement officers respond to the scene of the crime.  He acknowledged that there is no evidence, even by implication, that Mr. Grigsby actually carried a weapon during any of these robberies.  Mr. Grigsby's counsel suggested that release to a halfway house would be appropriate.

Turning first to whether Mr. Grigsby is a danger to the community, the commission of five bank robberies in two separate cities in a three-month span does indicate there is some potential danger posed by his release.  The resisting arrest conviction, and his apparent poor adjustment to probation (a number of absconder warrants were issued for him), signal a lack

of respect for authority which compounds that danger. The Court is not convinced that even placement in a halfway house would do much to prevent future criminal conduct.

As far as risk of flight is concerned, without a more complete Pretrial Services report, the Court is somewhat limited in its ability to assess that factor. Of course, the Court will not detain a defendant simply because he or she declines a Pretrial Services interview. Here, however, based on the testimony that Mr. Grigsby is without a permanent address and has no known employment or source of income, there is little reason to believe that he will stay in one place if released. His history of absconding from supervision also weighs against him on this factor. Of course, any order by this Court releasing him on bond would not take effect until such time, if ever, as he also obtains bond on the charges from Indianapolis, but even if that were not so, the Court believes that the risk of non-appearance posed by his release is unacceptably high. Again, placement in a facility like the Alvis House would do little to alleviate this risk, since that is not a secure facility and people can and do walk away from it, especially when there is little reason to believe that their community ties or economic prospects are strong enough to counter that possibility.

For all of these reasons, the Court finds that the United States met its burden on the issue of detention. Defendant is therefore ordered detained pending further proceedings. He may seek review of this order by a United States District Judge under 18 U.S.C. §3145(b) if he so desires.

/s/ Terence P. Kemp
United States Magistrate Judge