IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                     Case No. CR2-10-105
                                                    JUDGE GREGORY L. FROST

      v.

DENNIS M. GRIGSBY,

      Defendant.

## ORDER

This matter came on for consideration upon Defendant's Motion to Dismiss Indictment and Release Dennis M. Grigsby (ECF No. 62) filed on November 26, 2013. The Government failed to file a written response on December 16, 2013 as previously ordered. Counsel for the Government orally requested an extension of one day and this Court granted the same. The Government then requested an additional one day extension and the Court granted that request. The Government finally filed its Response (ECF No. 63) which, in turn, prompted Defendant to file a Reply Memorandum. (ECF No. 64.)

The Court finds Defendant's Motion to be well taken and the Court **GRANTS** the same.

Defendant provides the background of this case in his well written motion. Defendant was indicted on three counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). The Indictment was filed on April 22, 2010. On August 6, 2010 this Court granted Defendant's motion for an evaluation of Defendant's competency to stand trial and for an evaluation of whether Defendant was sane at the time of the alleged offenses. Defendant was thereafter transported to MCC Manhattan for the competency evaluation.

The Court received a report from Dr. William Ryan, Ph.D. dated November 1, 2010 that

found that Defendant was suffering from paranoid schizophrenia which rendered Defendant delusional.  As a result, on November 4, 2010 this Court committed Defendant to the custody of the Attorney General for the purposes of restoring Defendant's competency pursuant to 18 U.S.C. § 4241(d)(1).  Additionally, Dr. Ryan opined that Defendant's present incompetency interfered with administering a criminal responsibility evaluation to determine whether Defendant was sane at the time of the alleged offenses.  Neither the Government nor Defendant challenged the conclusions contained in the reports.  Defendant was then transported to FCI Butner to attempt to restore Defendant's competency.

At FCI Butner, two staff psychologists reported that they were unable to restore Defendant's competency.  The report, dated February 28, 2011 indicated that Defendant was unwilling to voluntarily take anti-psychotic medication and the staff psychiatrists urged this Court to order involuntary medication.  The Government filed a motion on April 16, 2011 requesting that this Court order involuntary medication.  The Court conducted an evidentiary hearing on June 9, 2011 and on July 8, 2011 this Court issued an order requiring Defendant to be involuntarily medicated.  An interlocutory appeal was taken and on April 22, 2013 the United States Court of Appeals for the Sixth Circuit reversed the order requiring Defendant to be involuntarily medicated.

This Court then ordered that Defendant undergo a "dangerousness study" pursuant to the statutory requirements.  Defendant was returned to FCI Butner and on October 28, 2013 the Warden notified the Court that the Risk Panel and Defendant's evaluators found that Defendant was not suffering from "a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another."

Because of that finding the Warden did not issue a certificate of dangerousness certificate under 18 U.S.C. § 4241(d).

Defendant, then, in accordance with the scheduling order filed the instant motion.

Defendant's motion contains two parts. First, Defendant requests that the Indictment be dismissed. Second, Defendant requests that he be released. Defendant has correctly identified the three-part scheme that applies to this case and which is codified in 18 U.S.C. § 4241. First the Court must determine whether Defendant is suffering from a "mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). If the Court so finds, which this Court has, then Defendant is to be committed to the custody of the Attorney General for a period not to exceed four months to decide whether there is a substantial probability that Defendant can be restored to the capacity to proceed to trial. 18 U.S.C. § 4241(d). Again, this Court has followed the mandated statutory procedure. The third step is to then request a "dangerousness study" and if the evaluation determines that Defendant is presently suffering from a mental disease or defect as a result of which Defendant's release would create a substantial risk of bodily injury to another person or serious property damage to the property of another, suitable arrangements are to be made for Defendant's custody and care. 18 U.S.C. § 4246(a).

Notably, the statutes are silent as to the disposition of Defendant if he is not found to pose a danger. And, that is the posture of this case at this juncture.

The Government inexplicably requests that this Court again order that Defendant be involuntarily medicated in an attempt to restore his competency. The Government cites to the

Sixth Circuit's decision where that Court opined that Defendant "may be destined for lengthy civil commitment...."  Because it now appears that Defendant is not destined for such a commitment, the Government argues that circumstances have now changed that could possibly change the Sixth Circuit's decision.  Defendant, in his Reply, effectively destroys the argument of the Government.  The Sixth Circuit Court of Appeals relied on four separate circumstances and the Government has only addressed one of those circumstances.

The Government's argument deserves three remarks.  First, there is no motion before the Court requesting that this Court order again the involuntary administration of drugs and this Court is not inclined to *sua sponte* order the involuntary administration again in light of the Sixth Circuit decision.  Second, this Court does not glean from the appellate decision that the possibility of a lengthy civil commitment was the "key issue" upon which the Sixth Circuit rendered its decision.  Finally, if the Government is so interested in continued detention and the involuntary administration of drugs, the Government can appeal this decision and let the Sixth Circuit Court of Appeals review the matter again.  As far as this Court is concerned, the Sixth Circuit has spoken and this Court is duty bound to follow the order whether this Court agrees with it or not.

Defendant requests that the Indictment be dismissed.  Defendant argues that the Fifth Amendment prohibits the Government from proceeding to trial on a defendant who is incompetent.  This is, of course, true.  Defendant was found to be incompetent three years ago and that status has remained unchanged.  Because the Government has failed to provide this Court with any cogent reason why the Indictment should not be dismissed and based upon the cases cited by Defendant in his reply brief, the Court finds Defendant's motion to dismiss the

Indictment to be well taken and the Court **GRANTS** the same.  The Indictment is hereby dismissed.

The second issue is whether Defendant should be released from custody.  The Indictment has now been dismissed and Defendant apparently does not pose a substantial risk of bodily injury to another person or serious damage to the property of another.  The statutes involved give this Court no guidance.  The cases cited by Defendant are the only assistance this Court can find and a reading of those cases reveal that courts that have been faced with this issue are just as frustrated as this Court is.  *United States v. Peppi*, 2007 WL 674746 (D. NJ 2007), *United States v. Baker*, 2010 WL 1742222 (W.D. Ark. 2010), and *United States v. Wheeler*, 744 F. Supp. 633 (E.D. Pa. 1990) all stand for the proposition that a defendant in this situation must be released.  This Court agrees.  Without statutory authority to the contrary, Defendant's continued detention is unlawful.  Defendant's motion for release is found to be well taken and the Court **GRANTS** the same.  Defendant is released and no conditions are imposed.

    **IT IS SO ORDERED.**

                                              **/s/   Gregory L. Frost**
                                              Gregory L. Frost
                                              United States District Judge